**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **Rashid Mohammad,** ) | CASE NO. 1:24-CV-00400 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE PATRICIA A. GAUGHAN |
| v. ) | |
| ) | |
| **Wells Fargo Bank, N.A,** ) | **Memorandum of Opinion and Order** |
| ) | |
| Defendant. ) | |

### Introduction

Plaintiff Rashid Mohammad has filed this civil action *pro se* against Wells Fargo Bank, N.A. ("Wells Fargo"). (Doc. No. 1.) In his complaint, Plaintiff contends there was a violation of federal law in connection with a state foreclosure action. *Wells Fargo Bank, N.A. v. Sandra Allen Coil*, No. CV-19-911036 (Cuy. Cty. Ct. of Comm. Pls).

Plaintiff is not a party to the state foreclosure action. In his complaint, he alleges that he and his children reside at the property that is the subject of the foreclosure action and that he has some "legal binding contracts" from a previous owner pertaining to the property. (*Id.* at ¶ 10.) The trial court, however, denied Plaintiff's motion to intervene in the state action. The court also denied Plaintiff's motions to stay execution of the sheriff's sale and confirmation of the sale on the basis that Plaintiff does not have a recorded interest in the property. The sheriff's sale took place on January 29, 2024, and the property was sold to a third-party purchaser. (*Id.* at ¶ 6.)

Plaintiff then filed an appeal and an emergency motion to stay execution of the sheriff's sale in the Ohio Court of Appeals. (*Id*. at ¶ 7.) The Court of Appeals denied Plaintiff's emergency motion. (*Id*. at ¶ 9.) His appeal, however, regarding his request to stay confirmation of the sale remains pending.

On March 4, 2024, Plaintiff filed this action in this Court with a motion asking the Court to stay confirmation of the sale ordered in the state foreclosure action. (Doc. No. 3.)

Wells Fargo has filed a Motion to Dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff's complaint is barred by the *Rooker-Feldman* doctrine and the Anti-Injunction Act, and because Plaintiff has failed to demonstrate a basis for a stay. (Doc. No. 7 at 6-9.)

Plaintiff has not responded to the Motion to Dismiss.

**Standard of Review and Discussion**

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state claim upon which relief may be granted. To survive a Rule 12(b)(6) dismissal, a complaint "must present 'enough facts to state a claim to relief that is plausible on its face'" when its factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Furthermore, federal courts are courts of limited jurisdiction and have an independent obligation to consider whether they have jurisdiction in every case. *Vander Boegh v. EnergySolutions, Inc*., 772 F.3d 1056, 1064 (6th Cir. 2014). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P.

12(h)(3).

Upon review, the Court agrees with Defendant that Plaintiff's complaint fails to allege a plausible claim over which this Court may exercise jurisdiction or grant him relief. Plaintiff effectively asks this Court to reverse state court decisions and/or to stay or interfere with a pending state court appeal. The Court lacks jurisdiction to do so.

First, the *Rooker Feldman* doctrine prevents a federal court from exercising jurisdiction over challenges to state court decisions even if a plaintiff alleges that a state court decision violates his federal rights. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Patmon v. Mich. Supreme Court*, 224 F.3d 504, 506 07 (6th Cir. 2000). Under *Rooker Feldman*, a federal district court may not hear an appeal of a case already litigated in state court because federal appellate review of state court judgments may only occur in the United States Supreme Court by appeal or by writ of certiorari. *Doscher v. Menifee Circuit Court*, 75 Fed. App'x 996, 997 (6th Cir. 2003). Accordingly, *Rooker-Feldman* bars Plaintiff's claims to the extent he seeks to vacate or overturn a state court decision.

Second, under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), principles of federalism dictate that claims pending in state court should be decided in state court without interference by the federal courts. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987). Federal courts, therefore, must abstain from hearing claims implicating important state interests where there is an ongoing state judicial proceeding concerning those claims and there is an adequate opportunity for a litigant to raise his federal concerns in the context of the ongoing state proceeding. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S.

423, 432 (1982); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir.1995)

Here, when Plaintiff filed this case, all the requirements warranting *Younger* abstention were present: an appeal in the state foreclosure action was pending in the Ohio Court of Appeals; the proceeding involved a matter of an important state interest; and there is no indication that Plaintiff lacks or lacked an adequate opportunity to raise his federal concerns in the context of his pending state appeal. *Doscher*, 75 Fed. App'x 996 (state foreclosure proceedings implicates an important state interest).

Accordingly, this Court must abstain from hearing Plaintiff's claims under both *Rooker-Feldman* and *Younger*. *See Doscher*, 75 Fed. App'x 996 (holding that *Younger* and *Rooker-Feldman* barred a plaintiff's claims that a state court violated his rights during a foreclosure proceeding).

Further, as Defendant asserts, the Anti-Injunction Act prohibits federal courts from granting an "injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of [a federal court's] jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Plaintiff has not alleged or demonstrated that any of these exceptions apply; therefore, to the extent he asks this Court to stay proceedings in the state foreclosure action, his claims are barred by the Anti-Injunction Act.

**Conclusion**

For all of the foregoing reasons, Plaintiff's complaint fails to state a plausible claim upon which this Court may grant him relief. Accordingly, Defendant's unopposed Motion to Dismiss Plaintiff's Complaint (Doc. No. 7) is granted, and Plaintiff's pending motion to stay the state foreclosure action (Doc. No. 3) is denied. The Court further certifies, pursuant to 28 U.S.C.§

1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
_____
PATRICIA A. GAUGHAN
United States District Court Judge

Dated: 5/20/24